borne down by the tide against the incoming boat. That sheer carried her, in the fog, to the port hand of the Cuyahoga.

The libel is dismissed.

---

## Case No. 6,830.

### The HUDSON.

[The case reported under above title in 14 Int. Rev. Rec. 36, is the same as Case No. 6,829.]

---

## Case No. 6,831.

### The HUDSON.

[Olc. 396.] 1

District Court, S. D. New York. Oct., 1846.

SEAMEN—CONTRACT OF HIRING—MASTER AS WITNESS—DISCHARGE OF CREW—SET-OFF IN ADMIRALTY.

1. A master of a vessel is a competent witness for the owners in a suit in rem for wages by one of the ship's company.
[Cited in Patten v. Darling, Case No. 10,812; The Wanderer, 20 Fed. 656.]

2. A hiring at monthly wages imports that the engagement is by the month, terminable with each month, at the option of either party. If the party hired leaves before the expiration of the month, he loses the whole wages; if he is discharged before its termination, he recovers for the whole time.
[Cited in Truesdale v. Young, Case No. 14,204.]

3. The discharge of the crew by sale of the vessel on execution, is of the same effect as to their rights as the breaking up of the voyage or discharge of the crew by act of the master.

4. Debts or liabilities of seamen to the master or owner of a vessel for other cause than for misfeasance or nonperformance in the duties of their position, cannot be set up against their demand of wages.

5. Admiralty does not take cognizance of set-off; but allowances may be made to the master or owner by rebatement of wages in compensation of losses or injuries incurred by them in consequence of negligence or fault of the mariner in the performance of his duties.
[Cited in The Henry Ewbank, Case No. 6,376; Dexter v. Munroe, Id. 3,863; Gillingham v. Charleston Tow-Boat & Transp. Co., 40 Fed. 651.]

6. Quere. Whether the civil law action of reconvention, or the remedy of compensatio or stoppage may be had in admiralty?

The libellant brought this suit for the recovery of wages as steward on the steamboat Hudson. He avers that he entered on board in that capacity on the 17th of February, 1846; that no contract was made as to the rate of wages, but that his services were worth forty dollars per month, and that the usage in that line of business is to pay stewards at such monthly rate for the entire season of ten months. He avers that he was discharged the 24th of July thereafter, and claims a decree for ten months' wages at forty dollars per month. The answer controverts these allegations, and asserts that

1 [Reported by Edward R. Olcott, Esq.]

the libellant was hired by the month and not by the season, served only from March 2d to July 24th, and that his services were not worth forty dollars per month; and that he earned, whilst on board, over and above all payments, fifty-one dollars and seventy-five cents, and no more; that the boat was sold under execution July 21st, and that the libellant was afterwards discharged by the purchaser and now owner. He further avers that libellant was at the time indebted to the boat for liquors sold on board, &c., during the previous year, when bar-keeper, in the sum of forty-one dollars and eighty-three cents, and that claimant tendered him fifty-three dollars before suit brought, and deposited the same in court.

Mr. Haskett, for libellant, contended that the contract was for the season. That a judicial sale of the boat did not discharge the lien for wages, and that Charles J. Hodges, called by the claimant as a witness, was incompetent to testify, on the ground of interest.

Mr. Underhill, for claimant. Hodges was competent; his testimony was adverse to his own interest. 15 Johns. 270; 16 Johns. 70. He also cited 7 Adol. & E. 544; 2 East, 145.

BETTS, District Judge. A preliminary objection was taken to the testimony of Charles J. Hodges, former part owner and manager of the boat, as a witness in this case, based upon his interest in the event of the suit. It was urged that he, as such owner, was personally liable on the contract, and would be obliged to pay the claim of the libellant, if not recovered of the boat. He may have such contingent interest, but it would be one against the party calling him, because he would be most benefited by casting the debt upon the boat. Interests of a remote and uncertain character are not now regarded as disqualifying a witness; they go to his credibility alone. 5 Hill, 476; 1 Phil. Ev. 32; Cowen & Hill's Notes, 131. The libellant has not, in my judgment, produced sufficient evidence to sustain the averments of the libel that his hiring was for the entire season, at $40 per month; on the contrary, in the absence of direct evidence, the implication is, that his engagement was by the month, at monthly wages; and upon all the proofs I do not consider he ought to receive more than twenty-five dollars per month. This was the most the owner ever told him he would pay. The statement was made after the libellant had entered upon his duties on board, and was not controverted by him at the time. The owner had said, if he discharged the libellant, and made another appointment in his place, he meant to allow him wages for the season, and supposed he should pay three hundred dollars. This was a gratuitous statement, not made at the time of any contract between the parties, nor in reference to any